1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14

LIONEL FALCON,                              CV F   05-00816 AWI DLB HC

              Petitioner,        ORDER DENYING RESPONDENT'S
                                            MOTION TO DISMISS PETITION FOR LACK
                                            OF SUBJECT MATTER JURISDICTION AND
   v.                                        REFERRING MATTER BACK TO
                                            MAGISTRATE JUDGE FOR FURTHER
LEANN CHRONES,                              PROCEEDINGS

              Respondent.        [Doc. 8]

_____/

15
16
17

      Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254.  Petitioner is represented by Ann C. McClintock, Esq.

18

BACKGROUND

19
20
21
22
23
24
25

      Petitioner is in custody in the California Department of Corrections and Rehabilitation

(CDCR).  In November 1981, Petitioner got into an argument, retrieved a weapon, and started

shooting, killing two men and wounding a woman.  (Pet., Exhibit D, Parole Consideration

Hearing Transcript, at 8-12.)  Petitioner fled the scene and absconded to Texas, where he

committed further criminal offenses before being extradited to California for prosecution.  (Id.)

On May 3, 1998, Petitioner was convicted of second degree murder and manslaughter, for which

he is serving a sentence of fifteen years to life.  (Pet. at 2 & Exhibit B.)

26
27

      On June 8, 2005, the California Supreme Court denied Petitioner's petition for writ of

habeas corpus challenging the Parole Board's decision.  (Pet, Exhibit A.)

28

      On June 22, 2005, Petitioner filed the instant federal petition for writ of habeas corpus

1   which challenges the California Parole Board's decision to deny Petitioner parole at a parole

2   consideration hearing held on January 22, 2003.

3          On September 29, 2005, Respondent filed a motion to dismiss the instant petition for lack

4   of subject matter jurisdiction.  (Court Doc. 8.)  Petitioner filed an opposition on October 19,

5   2005.  (Court Doc. 9.)  Then on December 21, 2005, this Court appointed the Office of the

6   Federal Defender to represent Petitioner, and granted Petitioner the opportunity to file a

7   supplemental opposition through counsel.  (Court Doc. 11.)  On February 3, 2006, Petitioner

8   filed a supplemental opposition to Respondent's motion to dismiss.  (Court Doc. 13.)

9                                          DISCUSSION

10  A.     Procedural Grounds for Motion to Dismiss

11         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

12  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

13  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

14         The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

15  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

16  the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

17  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

18  v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

19  motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

20  (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

21  response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

22  Supp. at 1194 & n. 12.

23         In this case, Respondent's motion to dismiss is based on a lack of subject matter

24  jurisdiction.  Because Respondent's motion to dismiss is similar in procedural standing to a

25  motion to dismiss for failure to exhaust state remedies or for state procedural default and

26  Respondent has not yet filed a formal answer, the Court will review Respondent's motion to

27  dismiss pursuant to its authority under Rule 4.

28  B.     Subject Matter Jurisdiction

                                              2

1    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

2    of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

3    enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries

4    v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th

5    Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy,

6    521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).

7    The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its

8    provisions.

9    Petitioner is in custody of the California Department of Corrections pursuant to a state

10   court judgment. Even though Petitioner is not challenging the underlying state court conviction,

11   28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the

12   threshold requirement of being in custody pursuant to a state court judgment. White v. Lambert,

13   370 F.3d 1002, 1006 (9th Cir.2004).

14   The Fourteenth Amendment provides that "[no] State [shall] deprive any person of life,

15   liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1.  In certain cases,

16   a state law may create a liberty interest protected by the Constitution. In examining questions of

17   procedural due process, federal courts employ a two-step inquiry: 1) whether there exists a liberty

18   or property interest which has been interfered with by the State, and 2) whether the procedures

19   attendant upon that deprivation were constitutionally sufficient.  Sass v. California Board of

20   Prison Terms, __ F.3d __, 2006 WL 2506393 *3 (9th Cir. Aug. 31, 2006) (citing Kentucky Dept.

21   of Corrections v. Thompson, 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989).)

22   In the instant petition for writ of habeas corpus, Petitioner contends that his due process

23   rights under the Fourteenth Amendment were violated when the Board found that he was

24   unsuitable for parole at the January 2003 hearing.  Respondent seeks dismissal of the instant

25   petition on the ground that there is no liberty interest in parole, and therefore, no cognizable

26   federal due process claim.  More specifically, Respondent contends that California's parole

27   statute, as set forth in California Penal Code section 3041, does not give rise to a federal liberty

28

1    interest.[1]

2        The United States Supreme Court has expressly denied entitlement to a protected liberty

3    interest in parole. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S.

4    1, 7 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) ("There is no constitutional or inherent right of a

5    convicted person to be conditionally released before the expiration of a valid sentence.").

6    "Nevertheless, early release statutes can create a 'liberty interest protected by due process

7    guarantees.'" Bermudez v. Duenas, 936 F.2d 1064, 1067 (9th Cir.1991) (per curiam), *quoting*

8    Greenholtz, 442 U.S. at 12; Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). Moreover, "[a]

9    state may create a constitutionally protected liberty interest by establishing regulatory measures

10   that impose substantive limitations on the exercise of official discretion." Bermudez, 936 F.2d at

11   1067, citing Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 844 (9th Cir.1985).

12   However, no protected entitlement to release exists unless a state scheme includes a formula

13   which mandates release after the occurrence of specified events.  Baumann, 754 F.2d at 844

14   (stating that the unique "shall/unless" formula was decisive in Greenholtz). If there exists

15   mandatory language in a parole statute, then Petitioner has a protected liberty interest in parole

16   release. Greenholtz, 442 U.S. at 11-12. If, however, the state merely holds out the possibility of

17   parole, then such a hope is not protected by due process.  Id.; Baumann, 754 F.2d at 844.

18   Therefore, the Court must look to the California parole statutes to determine whether the unique

19   structure and language of those statutes creates an entitlement to parole release or a presumption

20   of expectation of parole release.

21

22   _____

23       [1] The relevant California statutory language is contained in Cal. Penal Code § 3041, which states, in
     relevant part:

24       (a) One year prior to the inmate's minimum eligible parole release date a panel of two or more
         commissioners or deputy commissioners shall again meet with the inmate and *shall normally set a parole*

25       *release date* as provided in Section 3041.5.

26       (b) The panel or the board, sitting en banc, *shall set a release date unless it determines* that the gravity of
         the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or
27       offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for
         this individual, and that a parole date, therefore, cannot be fixed at this meeting . . . .

28   Cal. Penal Code §§ 3041(a), 3041(b) (West 2000) (Emphasis added).

                                                    4

1    In <u>Sass v. California Board of Prison Terms</u>, the Ninth Circuit Court of Appeals, ruled

2  that the District Court in <u>Sass v. California Board of Prison Terms</u>, 376 F.Supp.2d 976 (E.D. Cal.

3  2005) erred by finding that the California Supreme Court's decision in <u>In re Dannenberg</u>, 34

4  Cal.4th 1061 (2005), held that section 3041(b) does not use mandatory language. <u>Sass v.</u>

5  <u>California Board of Prison Terms, 2006 WL 2506393</u>, at *3-4.

6    Initially, the Court noted that in <u>McQuillion v. Duncan</u>, 306 F.3d 895, 902 (2002), it was

7  held that "[u]nder the 'clearly established' framework of <u>Greenholtz</u> and <u>Allen</u>, . . . California's

8  parole scheme gives rise to a cognizable liberty interest in release on parole." <u>Sass</u>, 2006 WL

9  2506393 at *3 (citing <u>McQuillion v. Duncan</u>, 306 F.3d at 902).  Furthermore, this "liberty

10  interest is created, not upon the grant of a parole date, but upon the incarceration of the inmate."

11  <u>Id</u>. (citing <u>Biggs v. Terhune</u>, 334 F.3d 910, 915 (2003), footnote omitted).

12    The Ninth Circuit found that "Dannenberg addressed the narrow question whether the

13  Board must engage in a comparative proportionality analysis in setting parole dates pursuant to

14  section 3041(a) before determining whether an inmate is suitable for parole pursuant to section

15  3041(b), . . . holding '[n]othing in the statute states or suggests that the Board must evaluate the

16  case under standards of term uniformity before exercising its authority to deny a parole date on

17  the grounds the particular offender's criminality presents a *continuing public danger*.'" <u>Sass</u>,

18  2006 WL 2506393 *3 (citing <u>Dannenberg</u>, at 1070, emphasis in original, citations omitted.)  The

19  Court stated that the <u>Dannenberg</u> Court never held California law did not provide a liberty

20  interest in parole.  Rather, the California Supreme Court proceeded to the second step of the

21  analysis in determining whether the procedures utilized were constitutionally sufficient.  <u>Id</u>.

22  (citing <u>Dannenberg</u>, at 1070.)  Thus, the Ninth Circuit reasoned that the California Supreme

23  Court would not have proceeded to this analysis if there was, in fact, no liberty interest.  <u>Id</u>.

24  (citing <u>Ky. Dep't of Corr.</u>, 490 U.S. at 460.)

25    Based on the reasoning and holding in Ninth Circuit Court of Appeal's opinion in <u>Sass</u>,

26  this Court finds that Petitioner continues to have a protected liberty interest in parole, and the

27  instant petition is therefore not subject to dismissal for lack of subject matter jurisdiction.

28

1    Accordingly, it is HEREBY ORDERED that:

2        1.      Respondent's motion to dismiss is DENIED; and

3        2.      The matter is referred back to the assigned Magistrate Judge for further

4                proceeding on the merits of the petition.

5

6    IT IS SO ORDERED.

7    **Dated:    September 12, 2006**          _____/s/ Anthony W. Ishii_____
     0m8i78                                    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28